IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID PEPE WILSON,
      Plaintiff,
   v.
SHARON M. BURKS, et al.,
      Defendants

Case No. 3:07-cv-293-KRG-KAP

## Report and Recommendation

### Recommendation

I recommend that defendants' motion to dismiss the complaint, docket no. 19, be granted as to defendants Krysevig and Reisinger and denied as to defendant Burks. As explained below, the parties are given notice to file summary judgment motions. See Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986)(sua sponte order of summary judgment permitted so long as the parties are notified that they must come forward with all relevant evidence).

### Report

Plaintiff alleges he is at S.C.I. Cresson serving a 55-110 year sentence imposed by the Court of Common Pleas of Philadelphia County, and that for the past several years has been exposed to environmental tobacco smoke. Apparently smoking is allowed at some places in the prison but not on the blocks, but plaintiff alleges that due to the failure of Pennsylvania Department of Corrections personnel to enforce the no smoking rules at the prison, tobacco smoke lingers in the air on the block; plaintiff alleges this causes him breathing difficulties and believes it could impair his health in other ways because he has had radiation treatment for his thyroid cancer.

Defendants offer two points in their motion to dismiss: 1) plaintiff does not allege the personal involvement of defendants; and 2) plaintiff cannot make a claim based on the denial of a transfer to another prison because he has no right to a transfer. Defendants are correct that plaintiff does not allege personal involvement as to defendants Krysevig and Reisinger, but plaintiff does allege the personal involvement of defendant Burks, who is the plaintiff's Unit Manager. As for the transfer, defendants' motion correctly states the law as to the constitution and prison transfers, but misses plaintiff's point: the transfer is part of the relief sought by plaintiff, not a separate claim.

To move things along, plaintiff's claims are based on Helling v. McKinney, 509 U.S. 25 (1993), which held in part that the objective component of an alleged Eighth Amendment violation is satisfied by an allegation that significant exposure to second hand tobacco smoke - specifically that the plaintiff's cellmate smoked five packs of cigarettes a day - caused an unreasonable risk of harm to inmate health. See also Atkinson v. Taylor, 316 F.3d 257, 259 (3d Cir.2003)(allegation that cellmates were "constant" smokers over period of seven months adequate); Griffin v. DeRosa 153 Fed.Appx. 851 (3d Cir.2003)(allegation of exposure to tobacco smoke from 8-10 inmates smoking cigarettes every time plaintiff used bathroom over period of twenty months insufficient to state Helling claim). Given the loose standards for inmate pleading in

this circuit, plaintiff adequately states the objective portion of a Helling claim sufficient under Fed.R.Civ.P. 12(b)(6).

Plaintiff's claim requires him to show that defendants are (or the remaining defendant, Burks, is) deliberately indifferent to the risk to his health from tobacco smoke. The Supreme Court has defined deliberate indifference for purposes of Eighth Amendment claims:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Farmer v. Brennan, 511 U.S. 825, 837 (1994). Since a defendant's state of mind, like other facts, can be proved by circumstantial evidence, the Farmer standard does not require a defendant to admit his consciousness of the risk of serious harm before liability can be imposed. However, even gross errors of judgment are not constitutional violations: liability requires subjective, not objective culpability. 511 U.S. at 843 n.8. Ultimately, plaintiff will have to offer competent evidence not only that the level of tobacco smoke in his environment has caused him any harm or presents a genuine risk of harm, but the defendant was aware of this and nevertheless did nothing about it. As the Supreme Court stated in Farmer, 511 U.S. at 844:

> [I]t remains open to the officials to prove that they were unaware even of an obvious risk to inmate health or safety. That a trier

3

of fact may infer knowledge from the obvious, in other words, does not mean that it must do so. Prison officials charged with deliberate indifference might show, for example, that they did not know of the underlying facts indicating a sufficiently substantial danger and that they were therefore unaware of a danger, <u>or that they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent</u>. (my footnote and emphasis)

I therefore order the parties to submit cross motions for summary judgment. Plaintiff shall submit competent **evidence** showing that tobacco smoke has caused or risks causing him harm, as well as **evidence** that defendant Burks is indifferent to this. Defendant Burks shall submit evidence as to her belief as to the actual exposure of plaintiff to environmental tobacco smoke, any danger caused thereby, and any efforts by the Pennsylvania Department of Corrections to enforce the no smoking policy on the plaintiff's block. The parties may pursue any other evidentiary issues they deem relevant but shall at least comply with my order. Discovery toward this end shall be completed by November 30, 2008, and the motions shall be filed on or before December 15, 2008. To forestall unnecessary motions, plaintiff will not receive either appointed counsel or expert witnesses, and defendant will not receive any extensions of time.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to the recommendation that the complaint be dismissed as to defendants Krysevig and Reisinger.

DATE: August 8, 2008

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

David Pepe Wilson AY-8061
S.C.I. Cresson
P.O. Box A
Cresson, PA 16699-0001