IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID PEPE WILSON,
   Plaintiff,
 v.         Case No. 3:07-cv-293-KRG-KAP
SHARON M. BURKS, et al.,
   Defendants

Report and Recommendation

Recommendation

   I recommend that remaining defendant's motion for summary judgment, docket no. 37, be granted. Plaintiff's motions for appointment of counsel, docket no. 32, docket no. 46, and for extension of time, docket no. 47, are denied. Plaintiff does not need counsel or additional time or (assuming that he sought them properly) records of his medical care from 1999 to satisfy his obligation to produce the simple factual evidence necessary in this matter.

Report

   Plaintiff's complaint alleged that defendant Burks was[1] deliberately indifferent to plaintiff's exposure to environmental tobacco smoke (ETS) at S.C.I. Cresson. Plaintiff is serving a 55-110 year sentence imposed by the Court of Common Pleas of Philadelphia County. Defendant Burks is his unit manager.

---

1. Effective September 11, 2008, S.C.I. Cresson, like other public facilities in the Commonwealth, became subject to the Clean Indoor Air Act, 35 P.S. § 637.1-11. It is now a criminal and civil offense in Pennsylvania to permit smoking in a public facility. The Act provides a defense where there is a good faith effort to prohibit smoking.

I ordered the parties to come forward with all evidence they had which would quantify the amount of ETS plaintiff was or is exposed to, and whatever scientific evidence there might be on the threshold level at which ETS has an impact on health. Defendant submitted evidence that S.C.I. Cresson has had a no-smoking policy since 2000, that there have been occasional violations of the no-smoking policy at S.C.I. Cresson, but that there are efforts by issuance of disciplinary citations to stop smoking in unauthorized area. There were 56 disciplinary citations for smoking for the entire prison during the two years 2007 and 2008, an insignificant fraction of the total of 2442 disciplinary citations issued at the prison. Plaintiff in his previous submissions has alleged that he has been unable to tell personnel at the prison about any specific incident because he cannot see into the other cells. It may be that plaintiff has been consistently unable to identify specific violators for fear of retaliation. Plaintiff submits two identical affidavits from two fellow inmates which state there is "a lot" of smoke on the unit and that it comes from "someone's" cell. Plaintiff fails to identify one instance when one inmate smoked one cigarette, much less one specific incident where defendant Burks failed to enforce the no-smoking policy.

Plaintiff must, at the summary judgment stage, show that there is a genuine possibility that defendant Burks is deliberately

indifferent to the risk from ETS. The Supreme Court's definition of that term requires more than unsuccessful efforts or even unreasonable conduct by Burks: Burks must actually know that her efforts to enforce the no-smoking policy are so inadequate they are causing a substantial risk of harm to plaintiff. For purposes of Eighth Amendment claims:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Farmer v. Brennan, 511 U.S. 825, 837 (1994). There is no evidence whatsoever that defendant Burks is subjectively aware of any significant risk of inmate exposure to ETS.

That ends the matter. Nevertheless, I consider the objective component of plaintiff's claim. Plaintiff in his previous submissions has alleged without more specificity that tobacco smoke "lingers in the air" on the block "for hours." As for the level of ETS which is epidemiologically significant, defendant is unable to locate any accepted scientific literature. In earlier pleadings plaintiff cited literature published by the American Lung Association indicating that secondhand smoke causes several thousand deaths per year. The popular literature gives no correlation between level of exposure and risk, and no basis for its estimate.

3

In Helling v. McKinney, 509 U.S. 25 (1993), the Supreme Court held that the objective component of an alleged Eighth Amendment violation caused by exposure to ETS was satisfied by an inmate's allegation that his cellmate smoked five packs of cigarettes a day. Few lower court cases since then have provided additional threshold numbers. Atkinson v. Taylor, 316 F.3d 257, 259 (3d Cir.2003) held, inter alia, that allegations by an inmate that his cellmates were "constant" smokers over period of seven months and that one cellmate smoked ten cigarettes a day were adequate. Griffin v. DeRosa 153 Fed.Appx. 851, 853 (3d Cir.2005), on the other hand, held that an inmate's allegations of exposure to ETS over a period of twenty months from 8-10 inmates who were smoking cigarettes in the bathroom "every time" plaintiff used it were insufficient. More recently, Brown v. United States Justice Department, 271 Fed. Appx. 142 (3d Cir.2008), affirmed summary judgment against an inmate who alleged that smoking which went on throughout the prison exposed him to ETS, but who alleged no particular amounts.

Objectively speaking, the clinically significant level of ETS may be different for plaintiff than for other inmates because of his personal medical history of thyroid cancer. Even though Brown and a pair of Seventh Circuit cases, Henderson v. Sheahan, 196 F.3d 839 (7th Cir.1999), cert. denied, 530 U.S. 1244 (2000), and Oliver v. Deen, 77 F.3d 156, 160 (7th Cir.1996),

4

suggest that even particular health conditions which make a particular inmate more sensitive do not change the inquiry, it stands to reason that a lower showing would be necessary in a case of an inmate with obvious respiratory issues. But regardless of an inmate's personal circumstances, general allegations that there is "some" ETS in prison are always insufficient to create an issue of fact as to the objective element of a <u>Helling v. McKinney</u> claim. That is all plaintiff has. Summary judgment should be entered for the defendant.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: 20 March 2009

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

David Pepe Wilson AY-8061
S.C.I. Cresson
P.O. Box A
Cresson, PA 16699-0001